**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Graciliana Quiroga, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.   13 C 980 |
| | ) | |
| Jefferson Capital Systems, LLC, a | ) | |
| Georgia limited liability company, PCA | ) | |
| Acquisitions V, LLC, a/k/a Portfolio Asset | ) | |
| Group, and Phillips & Cohen Associates, | ) | |
| Ltd., a New Jersey corporation, | ) | |
| | ) | |
| Defendants. | ) | <u>Jury Demanded</u> |

## COMPLAINT

Plaintiff, Graciliana Quiroga, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendants' debt

collection actions violated the FDCPA, and to recover damages for Defendants'

violations of the FDCPA, and alleges:

## JURISDICTION AND VENUE

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because: a) many of the acts and

transactions occurred here; and, b) Defendants reside and transact business here.

## PARTIES

3.      Plaintiff, Graciliana Quiroga ("Quiroga"), is a citizen of the State of Florida,

from whom Defendants attempted to collect a delinquent consumer debt.  These

collection actions took place despite the fact that she had told the Defendants that she

refused to pay the debt, and was represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD").

4.      Defendant, Jefferson Capital Systems, LLC ("Jefferson"), is a Georgia limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  Jefferson operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Jefferson was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant, PCA Acquisitions V, LLC, a/k/a Portfolio Asset Group ("PCA"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts.  PCA operates a nationwide delinquent debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois.  In fact, Defendant Portfolio was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

6.      Defendant, Phillips & Cohen Associates, Ltd. ("P&C"), is a New Jersey corporation, that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, delinquent consumer debts.  P&C operates a nationwide delinquent debt collection

business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant P&C was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

7.      Defendants Jefferson and PCA are bad debt buyers, that buy large portfolios of defaulted consumer debts for pennies on the dollar, which they then collect upon through other collection agencies.

8.      Defendants Jefferson, PCA and P&C are all authorized to conduct business in the State of Illinois and maintain registered agents within the State of Illinois, see, records from the Illinois Secretary of State, attached as Group Exhibit A. In fact, all Defendants conduct extensive and substantial business in Illinois.

9.      Defendants Jefferson and P&C are each licensed as debt collection agencies in the State of Illinois, see, records from the Illinois Department of Professional Regulation, attached as Group Exhibit B. In fact, Defendants act as collection agencies in Illinois.

**FACTUAL ALLEGATIONS**

10.      Ms. Quiroga is a disabled senior citizen, with limited assets and income, who fell behind on paying her bills, including a debt she allegedly owed for an Aspire credit card. At some point in time after that debt became delinquent, Defendant Jefferson allegedly bought Ms. Quiroga's Aspire account. When Defendant Jefferson began trying to collect the Aspire Card debt from her, she sought the assistance of legal aid attorneys at the Chicago Legal Clinic's LASPD program, regarding her financial difficulties and Defendants' collection actions.

11.     Specifically, Defendant Jefferson had another debt collector, Alpha Recovery Corp., demand payment of the Aspire debt from Ms. Quiroga, which did so by sending Ms. Quiroga a collection letter, dated April 4, 2012.  A copy of this collection letter is attached as Exhibit C.

12.     Accordingly, on May 17, 2012, one of Ms. Quiroga's attorneys at LASPD informed Defendant Jefferson, through its collection agent Alpha Recovery Corp., that Ms. Quiroga was represented by counsel, and directed Jefferson to cease contacting her, and to cease all further collection activities because Ms. Quiroga was forced, by her financial circumstances, to refuse to pay her unsecured debt.  Copies of this letter and fax confirmation are attached as Exhibit D.

13.     Instead of ceasing collections, however, Defendant Jefferson then sold/transferred/assigned the account to Defendant PCA.  Defendant PCA and Defendant P&C then sent Ms. Quiroga a collection letter, dated October 4, 2012, which demanded payment of the debt that was originally owed to Aspire Card.  A copy of this collection letter is attached at Exhibit E.

14.     Accordingly, on January 10, 2013, Ms. Quiroga's LASPD attorney also had to send Defendants PCA and P&C a letter, reiterating that Ms. Quiroga was represented by counsel and that they had to cease communications and to cease collections.  Copies of this letter and fax confirmation are attached at Exhibit F.

15.     Defendant Jefferson and Defendants PCA and P&C knew, or should have known that the accounts they were selling and buying were subject to requests to cease collections and cease communications, and were subject to notices of attorney representation.

4

16.     Moreover, Defendants knew, or should have known, that there were problems with the debt at issue because of the many notices they received from LASPD, and other consumers' attorneys, that the debts they were buying, selling and collecting upon were subject to cease collections and cease communications demands and notices of attorney representation.

17.     Furthermore, Defendants knew, or should have known, that there were problems with the debts at issue due to the age of the portfolios of debts at issue.  Any reasonable review of the records on these accounts would have shown that the accounts should not have been sold, bought or collected upon.

18.     Defendants' collection actions complained of herein occurred within one year of the date of this Complaint.

19.     Defendants' collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

20.     Plaintiff adopts and realleges ¶¶ 1-19.

21.     Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay.  See, 15 U.S.C. § 1692c(c).

22.     Here, the letter from Plaintiff's agent/attorney, LASPD, gave notice to Defendants to cease communications and cease collections.  By continuing to

5

communicate regarding this debt and demanding payment, Defendants violated §

1692c(c) of the FDCPA.

23.     Defendants' violation of § 1692c(c) of the FDCPA renders them liable for

actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. §

1692k.

**COUNT II**
**Violation Of § 1692c(a)(2) Of The FDCPA --**
**Communicating With A Consumer Represented By Counsel**

24.     Plaintiff adopts and realleges ¶¶ 1-19.

25.     Section 1692c(a)(2) of the FDCPA prohibits a debt collector from

communicating with a consumer if the debt collector knows the consumer is

represented by an attorney with respect to such debt and has knowledge of, or can

readily ascertain, such attorney's name and address.  See, 15 U.S.C. § 1692c(a)(2).

26.     Defendants knew, or readily could have known, that Plaintiff was

represented by counsel in connection with her debt because her attorneys at LASPD

had given notice, in writing, that Plaintiff was represented by counsel, and had directed

a cessation of communications with Plaintiff.  By directly sending a collection letter to

Plaintiff, despite being notice that she was represented by counsel, Defendants violated

§ 1692c(a)(2) of the FDCPA.

27.     Defendants' violation of § 1692c(a)(2) of the FDCPA renders them liable

for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15

U.S.C. § 1692k.

6

## COUNT III
## Violation Of § 1692f Of The FDCPA --
## Unfair Or Unconscionable Collection Actions

28.     Plaintiff adopts and realleges ¶¶ 1-19.

29.     Section 1692f of the FDCPA prohibits a debt collector from using any unfair or unconscionable means to collect or attempt to collect a debt, see, 15 U.S.C. § 1692f.

30.     Defendant Jefferson, by selling accounts in which there was a cease collections demand, and Defendants PCA and P&C, by either not finding out if there was a cease collections demand on Plaintiff's account or ignoring the fact that there was a cease collections on Plaintiff's account, used unfair or unconscionable actions, in violation of § 1692f of the FDCPA.

31.     Defendants' violation of § 1692f of the FDCPA renders them liable for actual and statutory damages, costs, and reasonable attorneys' fees.  See, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Graciliana Quiroga, prays that this Court:

1.      Find that Defendants' debt collection actions violated the FDCPA;

2.      Enter judgment in favor of Plaintiff Quiroga, and against Defendants, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3.      Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Graciliana Quiroga, demands trial by jury.

7

Graciliana Quiroga,

By: /s/ David J. Philipps
One of Plaintiffs' Attorneys


Dated:  February 6, 2013

David J. Philipps     (Ill. Bar No. 06196285)
Mary E. Philipps     (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angiekrobertson@aol.com